UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Westpoint, | ) | C/A No.: 2:11-1480-RMG-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| | ) | |
| Scarlett Wilson, Solicitor; and | ) | |
| Julie Armstrong, Clerk of Court, | ) | |

Defendant.

Plaintiff, James Westpoint, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a pre-trial detainee at the Charleston County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff names the Charleston County Solicitor and the Charleston County Clerk of Court as party Defendants, claiming he is being denied a fast and speedy trial. Plaintiff alleges he filed a motion with the Charleston County Clerk of Court, but that Armstrong has failed to set a hearing date. Plaintiff also alleges that the Defendant Wilson has "blatantly disregarded the[] rights afforded every person that's charged within the 9th Circuit Courts." In addition to asking that his charges be dismissed, *see* n. 1, *supra*, Plaintiff also seeks "whatever relief [the court] deems necessary to compensate for [his] time with the Charleston County Detention Center."

---

[1] While Plaintiff, who is seeking damages, appears to be filing this matter pursuant to 42 U.S.C. § 1983, he also seeks dismissal of his pending charges. That is relief which may only be obtained in a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983). If the plaintiff wishes to challenge the duration of his confinement, he must obtain habeas forms from the Clerk of Court and file a separate action, after he has fully exhausted his administrative remedies.



Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173 (1980); *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079 (1972); *Fine v. City of N. Y.*, 529 F.2d 70 (2nd Cir. 1975). However, even when considered under this less stringent standard, the undersigned finds and concludes that the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

First, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37 (1971)("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts"); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how



meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. Hence, Plaintiff should file his request for a speedier handling of his case with the state court, not this federal court.

Further, insofar as the plaintiff's pre-trial detention and pre-trial proceedings are concerned, the § 1983 complaint is subject to summary dismissal because a right of action with respect to the plaintiff's detention and pending criminal proceedings has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Although the decision in *Heck v. Humphrey* concerned a conviction, its rationale is also applicable to pre-trial detainees. *See Nelson v. Murphy*, 44 F.3d 497 (7th Cir. 1995)("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."); *Norris v. Super Cab Co.*, 1994 WL 665193 (N.D.Cal., November 15, 1994)(unpublished); and *Daniel v. Ruph*, 1994 WL 589352 (N.D.Cal., October 12, 1994).

In *Daniel v. Ruph, supra*, a district court applied the holding in *Heck v. Humphrey* to a pre-trial detainee:

> In this case, plaintiff seeks damages under § 1983 based on a violation of his Sixth Amendment right to put on a meaningful defense. A judgment in favor of the



> plaintiff on that claim would imply the invalidity of his ongoing criminal proceedings. If plaintiff were successful in showing that he had been denied his constitutional right to prepare his defense, any conviction which flowed from that denial would be invalidated. Therefore, the instant allegations fail to state a cognizable claim under § 1983 and are DISMISSED without prejudice. * * *

*Daniel v. Ruph, supra*, 1994 WL 589352 (footnote following quotation omitted). In an earlier case, *Norris v. Patsy*, 1994 WL 443456 (N.D.Cal., July 29, 1994) (unpublished), the court noted that, under *Heck v. Humphrey, supra*, "[a] judgment in favor of the plaintiff here would imply the invalidity of pending state criminal proceedings which have not already been invalidated; . . . therefore, any request for damages pertinent to said proceedings is premature and must be DISMISSED." Also on point is *Hudson v. Chicago Police Department*, 860 F. Supp. 521 (N.D.Ill. 1994), where the Court ruled that the complaint was subject to dismissal under *Heck v. Humphrey*, noting that "federal courts will not entertain a claim for damages under § 1983 if disposition of the claim would entail ruling on issues in dispute in pending state proceedings."

Moreover, to the extent plaintiff seeks damages for alleged unjust incarceration from Defendant Wilson, Plaintiff's complaint is barred by the well-established legal doctrine of prosecutorial immunity. Solicitors have absolute immunity for their prosecution-related activities in, or connected with, judicial proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) [Absolute immunity "...is available for conduct of prosecutors that is 'intimately associated with the judicial phase of the criminal process.'"], *citing Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). *See also Burns v. Reed*, 500 U.S. 478 (1991). While absolute immunity does not extend to a prosecutor's administrative or investigative activities, *see Imbler*, 424 U.S. at 431, n. 33, in this Circuit it is well settled that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute." *Lyles v. Sparks*, 79 F. 3d 372, 377 (4th Cir. 1996). *See also Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997).



Plaintiff's claims about the length of time it is taking for him to get to trial go directly to Defendant Wilson's prosecutorial decisions about when to prosecute and whether to go forward with a prosecution. As stated above, such decisions are purely prosecutorial functions and they are absolutely immune from Plaintiff's claims. Plaintiff is not entitled to recover any damages from Defendant Wilson based on her performance of these functions, and the Complaint should be summarily dismissed insofar as it seeks such damages for these actions.

Furthermore, County Clerks of Court, though elected by the voters of a County, are also part of the State of South Carolina's unified judicial system. *See* S.C. Const. Article V, § 24; § 14-1-40, South Carolina Code of Laws (as amended); and § 14-17-10, South Carolina Code of Laws (as amended).  As such, the Clerk of Court for Charleston County has quasi-judicial immunity because the Plaintiff's allegations show that the Defendant, who filed the Plaintiff's motion, was following rules of a Court, or was acting pursuant to authority delegated by a court to Clerk's Office personnel. *See Cook v. Smith*, 812 F. Supp. 561, 562 (E.D.Pa. 1993); and *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D.Pa. 1981).  In *Mourat v. Common Pleas Court of Lehigh County*, the district court, in a ruling from the bench, rejected claims similar to those raised by the *pro se* plaintiff in the case *sub judice*:

> The clerk, Joseph Joseph, is also immune from suit.  In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune."  We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, *cert. denied*, 396 U.S. 941 (1969)].  If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court.   See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D.Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

*Mourat v. Common Pleas Court for Lehigh County, supra*, 515 F. Supp. at 1076.



The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992). *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel).

## Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

Bristow Marchant
United States Magistrate Judge

July 19, 2011
Charleston, South Carolina

*The Plaintiff's attention is directed to the important NOTICE on the next page*.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).