IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Westpoint, ) | Civil Action No. 2:11-2011-1480-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Scarlett Wilson, Solicitor; and ) | |
| Julie Armstrong, Clerk of Court, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a pre-trial detainee, brings this *pro se* action pursuant to 42 U.S.C § 1983. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. The Magistrate Judge issued a Report and Recommendation recommending summary dismissal of the complaint. (Dkt. No. 8). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has failed to object to the Report and Recommendation. As explained herein, this Court agrees with the Magistrate Judge's recommendation.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28

U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). This Court, after reviewing the Report and Recommendation for any clear errors of law and finding none, agrees with the conclusions of the Magistrate Judge.

Plaintiff alleges that he has been denied a fast and speedy trial and filed this complaint seeking dismissal of his pending charges as well as damages. Although a habeas corpus petition is the proper procedure for such claims, because the Plaintiff is a *pro se* litigant this Court must liberally construe the complaint to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5 (1980). However, this less stringent standard does not permit a federal district court to allow a plaintiff to proceed on a complaint that does not set forth a cognizable federal claim. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Here, the Plaintiff has not put forth evidence of any claim over which this Court can grant relief, therefore this Court finds that dismissal is the most appropriate course of action.

First, it is well established that federal courts should not intervene with state cases unless extraordinary circumstances are present. *See, e.g., Younger v. Harris*, 401 U.S. 37 (1971)("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts"); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49 (4th Cir. 1989). Accordingly, the Plaintiff's request for a speedy trial should be presented to the state court where his trial is pending, this Court should not interfere. Additionally, the Court cannot award Plaintiff damages for his § 1983 complaint because he has not proven that his conviction or sentence have already

been invalidated. If this Court were to grant a judgment in favor of Plaintiff it would imply that his pending state court conviction is invalid, therefore making his request for damages inappropriate and subject to dismissal. *See Heck v. Humphrey*, 512 U.S. 477 (1994); and *Daniel v. Ruph*, 1994 WL 589352 (N.D. Cal., October 12, 1994) (applying the *Heck v. Humphrey* holding to a pre-trial detainee).

Furthermore, Plaintiff's allegation against Defendant Wilson for unjust incarceration is barred because prosecutors are immune from liability for damages related to judicial proceedings (*See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)) and their decisions about "whether and when to prosecute" (*Lyles v. Sparks*, 79 F. 3d 372, 377 (4th Cir. 1996)). *See also Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997). Here, Plaintiff's complaints about the length of time it is taking him to get to trial are directly related to Defendant Wilson's prosecutorial decisions and are therefore barred by the doctrine of prosecutorial immunity.

Similarly, as the Clerk of Court for Charleston County, Defendant Armstrong is part of the state of South Carolina's unified judicial system and thus has quasi-judicial immunity. Defendant Armstrong is immune from Plaintiff's allegations in this case because when she filed Plaintiff's motion and while deciding when to schedule Plaintiff's hearing she was following the rules of the court and acting pursuant to authority delegated by a court to Clerk's office personnel. *See Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); and *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). Accordingly, Plaintiff's claims against Defendant Armstrong are barred.

## CONCLUSION

After a thorough review of the Record, Magistrate Judge's Report and Recommendation, and the relevant case law, this Court adopts the Magistrate Judge's Report and Recommendation and **DISMISSES** Plaintiff's complaint in the above captioned case.

**AND IT IS SO ORDERED**.

_____
Richard Mark Gergel
United States District Court Judge

August 9, 2011
Charleston, South Carolina

4